**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00644-WJM-NYW

DARRELL FORTNER,

    Plaintiff,

v.

COUNTY OF EL PASO, COLORADO,
STATE OF COLORADO,
BLACK FOREST FIRE/RESCUE PROTECTION DISTRICT,
EL PASO COUNTY BOARD OF COUNTY COMMISSIONERS,
TERRY MAKETA,
SCOTT CAMPBELL,
BOB HARVEY,
JAMES REBITSKI,
EDWAN BRACKEN,
RICK MCMORRAN,
DIANA MAY,
PRESTON COOPER,
DENNIS HASLEY,
PEGGY LITTLETON,
SALLIE CLARK,
AMY LATHEN
DARREL GLENN,
AMY FOLSOM,
ANDREW GORGEY,
JON MUELLER,
MICHAEL SHELBURNE, and
JOHN HICKENLOOPER,
In their official and individual capacities,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

On December 9, 2015, this court issued an Order to Show Cause on or before December 23, 2015 why this case should not be dismissed as to Defendant James Rebitski ("Defendant Rebitski") pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and failure to timely effect service of process as required by the Federal Rules of Civil Procedure. [#53].[1] This court further ordered Plaintiff to show cause on or before December 23, 2015 why this case should not be dismissed as to Defendant Rebitski based on the analysis set forth in this court's Recommendation, filed concurrently with the Order to Show Cause [#52], that Defendant Black Forest Fire/Rescue Protection District's Motion to Dismiss be granted. [#53]. Finally, this court warned Plaintiff that failure to show cause by the specified date would result in a recommendation that the Amended Complaint be dismissed as to Defendant Rebitski. [*Id.*]

Plaintiff initiated this civil action on March 30, 2015. [#1]. He filed a First Amended Complaint on April 28, 2015. [#7]. On May 4, 2015, Plaintiff filed a return of service as to each Defendant named in the Amended Complaint, other than Defendant Rebitski. *See* [#13 - #27].

Prior to the 2015 amendments to the Federal Rules of Civil Procedure, effective December 1, 2015, Rule 4(m) provided in part:

> If a defendant is not served within 120 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The recent amendment to Rule 4(m) requires service on a party within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Pursuant to 28 U.S.C. § 2074(a) and the Order of the Supreme Court dated April 29, 2015, the amendment shall govern all civil cases

---

[1] This designation is used to identify the docket number assigned to a specific filing by the court's case management and electronic case filing system.

commenced after December 1, 2015 and "insofar as just and practicable, all proceedings then pending." *See* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf.

In addition, D.C.COLO.LCivR 41.1 provides:

A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Following this court's Recommendation [#52] and Order to Show Cause [#53], Plaintiff filed an unopposed Motion for Extension of Time to file objections to the Recommendation. [#55]. The Motion for Extension of Time did not ask for additional time to respond to the Order to Show Cause.  To date, Plaintiff has not filed a Response to the Order to Show Cause or otherwise demonstrated that service has been effected on Defendant Rebitski.

## CONCLUSION

For the forgoing reasons, I respectfully **RECOMMEND** that:

(1) The Amended Complaint be **DISMISSED** as to Defendant James Rebitski for failure to prosecute and failure to timely effect service of process as required by the Federal Rules of Civil Procedure, or in the alternative, for the reasons as set forth in the Recommendation dated December 9, 2015 [#52]; and

(2) The civil action be **DISMISSED** in its entirety.[2]

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

DATED: January 4, 2016       BY THE COURT:

                  s/Nina Y. Wang_____
                  United States Magistrate Judge

---

judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).