**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 15-cv-0644-WJM-NYW

DARRELL FORTNER,

      Plaintiff,

v.

COUNTY OF EL PASO, COLORADO,
STATE OF COLORADO,
BLACK FOREST FIRE/RESCUE PROTECTION DISTRICT,
TERRY MAKETA, Individual and Official capacity,
SCOTT CAMPBELL, Individual and Official capacity,
BOB HARVEY, Individual and Official capacity,
JAMES REBITSKI, Individual and Official capacity,
EDWAN BRACKEN, Individual and Official capacity,
RICK MCMORRAN, Individual and Official capacity,
DIANA MAY, Individual and Official capacity,
PRESTON COOPER, Individual and Official capacity,
DARREL GLENN, Individual and Official capacity,
AMY FOLSOM, Individual and Official capacity,
ANDREW GORGEY, Individual and Official capacity,
JON MUELLER, Individual and Official capacity,
MICHAEL SHELBURNE, Individual and Official capacity,
JOHN HICKENLOOPER, Individual and Official capacity,
DOES 1-100,
EL PASO COUNTY BOARD OF COMMISSIONERS
DENNIS HASLEY, Individual and Official capacity,
PEGGY LITTLETON, Individual and Official capacity,
SALLIE CLARK, Individual and Official capacity, and
AMY LATHEN, Individual and Official capacity,

      Defendants.

---

**ORDER ADOPTING RECOMMENDATIONS OF MAGISTRATE JUDGE GRANTING
DEFENDANTS' MOTIONS TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS**

---

This matter is before the Court on United States Magistrate Judge Nina Y.

Wang's Recommendations dated December 9, 2015 ("First Recommendation") (ECF

No. 52) and January 4, 2016 ("Second Recommendation") (ECF No. 57).

The First Recommendation recommends granting three motions: Defendants Terry Maketa, The County of El Paso, Colorado, Scott Campbell, Diana May, El Paso County Board of County Commissioners, Dennis Hisey,[1] Peggy Littleton, Sallie Clark, Amy Lathen, Daryl Glenn, Amy Folsom, Andrew Gorgey, Michael Shelburne, and John Mueller's (collectively, "County Defendants") Motion to Dismiss "First Amended Verified Civil Rights Complaint 42 USCS 1983" (ECF No. 31); Defendants Black Forest Fire/Rescue Protection District, Bob Harvey, Edward Bracken,[2] Rick McMorran, and Preston Cooper's (collectively, "BFPD Defendants") Motion to Dismiss First Amended Complaint (ECF No. 32); and Defendants State of Colorado and Governor John Hickenlooper's (collectively, "State Defendants") Motion to Dismiss First Amended Complaint (ECF No. 34). (ECF No. 52.) The Second Recommendation recommends that the First Amended Complaint be dismissed as to Defendant James Rebitski and that the civil action be dismissed in its entirety. (ECF No. 57 at 3.)

The First and Second Recommendations are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). After the Court granted two unopposed Motions for Extension (*see* ECF No. 56; ECF No. 60), Darrell Fortner ("Plaintiff") filed a timely Objection to the Recommendations (ECF No. 62). The County Defendants (ECF No. 63) and the BFPD Defendants (ECF No. 66) filed responses to

---

[1] Defendant Dennis Hisey was incorrectly named by Plaintiff as "Dennis Hasley." (*See* ECF No. 7 at 1; ECF No. 31 at 3.)

[2] Defendant Edward Bracken was incorrectly named by Plaintiff as "Edwan Bracken." (*See* ECF No. 7 at 1; ECF No. 32 at 1.)

the Objection.  For the reasons set forth below, Plaintiff's Objection is overruled, the

Recommendations are adopted, and Plaintiff's claims are dismissed.

## I.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommendation] that has been properly

objected to."  An objection to a recommendation is properly made if it is both timely and

specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73

F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the

district judge to focus attention on those issues—factual and legal—that are at the heart

of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may

accept, reject, or modify the recommendation; receive further evidence; or return the

matter to the magistrate judge with instructions."  *Id.*  In the absence of a timely and

specific objection, "the district court may review a magistrate . . . [judge's] report under

any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.

1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72

Advisory Committee's Note ("When no timely objection is filed, the court need only

satisfy itself that there is no clear error on the face of the record.").

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his

pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States*

*Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  The Court, however, cannot act as an

advocate for Plaintiff, who must still comply with the fundamental requirements of the

Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).

The motions underlying the Recommendation were filed under Federal Rule of Civil Procedure 12(b)(6).  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  *Shero v. City of Grove, Okla*., 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

The Defendants in this case invoke various immunities in arguing that this Court is divested of subject matter jurisdiction over certain claims made by Plaintiff.  Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).  Pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. The determination of a court's jurisdiction over subject matter is a question of law.  *Madsen v. United States ex rel. U.S. Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th

4

Cir. 1974).

## II.  BACKGROUND

The Black Forest Fire occurred in El Paso County, Colorado, in June 2013 (the "Fire").  (*See* ECF No. 7.)  Plaintiff alleges that the Fire took the lives of his four German Shepherd dogs and four family cats.  (*Id*. at 4.)  He also alleges that his five horses were severely burned, his home was destroyed, and trucks and equipment used for his tree service business were destroyed.  (*Id*. at 4, 18.)

Plaintiff filed this lawsuit on March 30, 2015.  (ECF No. 1.)  Plaintiff then filed a First Amended Complaint on April 28, 2015.  (ECF No. 7.)  He asserted numerous claims arising out of events related to the Fire.  (*See id*.)  Pursuant to 42 U.S.C. § 1983, Plaintiff asserts numerous constitutional violations by each group of Defendants.  (*See* ECF No. 7 at 14–16.)  Plaintiff lists these claims under his "Third Claim for Relief" for "Violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution, Due Process, Equal Protection, Equal Employment Opportunity."  (*Id*. at 14.)  Plaintiff also asserts state law claims over which the Court could potentially exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  (*See id*. at 10–13, 16–19.)  Plaintiff's First Amended Complaint Contains the following claims under state law: "First Claim for Relief: Gross Negligence, Outrageous Conduct, Deliberate Indifference"; "Second Claim for Relief: Gross Negligence/Respondent [*sic*] Superior, Failure to Train Employees"; "Fourth Claim for Relief: Deliberate Indifferunce [*sic*] and Gross Neglegance [*sic*]."  (*Id*.)

On May 7, 2015 the County Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 31 at 2.)  The following day, the BFPD Defendants filed their

Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  (ECF No. 32 at 1.)  Lastly,

the State Defendants filed their Motion to Dismiss pursuant to Rules 12(b)(1) and

12(b)(6).  (ECF No. 34 at 2.)  The Magistrate Judge reviewed those motions, along with

Plaintiff's responses and Defendants' replies, and issued her Recommendations

granting the Motions to Dismiss and dismissing the action as to all Defendants on all

claims.  (*See* ECF No. 52; ECF No. 57.)

### III.  ANALYSIS

### A.    Proper Defendants

Colorado Revised Statutes § 30-11-105 requires that all proceedings against a

Colorado county be brought against "the board of county commissioners" of that county.

Defendants Darryl Glenn, Amy Lathen, Sallie Clark, Dennis Hisey, and Peggy Littleton

comprise the El Paso County Board of County Commissioners.[3]  Furthermore, a suit

against a government official in his or her official capacity is simply "another way of

pleading an action against an entity of which an officer is an agent."  *McDonald v. Wise*,

769 F.3d 1202, 1215 (10th Cir. 2014).  Since Plaintiff also named "El Paso County

Board of County Commissioners" as a defendant, the Magistrate Judge found that

naming the County itself and the individual commissioners as Defendants was

duplicative; and, therefore, those Defendants should be dismissed.

Plaintiff does not specifically object to the Magistrate Judge's findings regarding

---

[3] *See* El Paso County Colorado Board of County Commissioners*, Your Commissioners*, http://bcc.elpasoco.com/Pages/default.aspx (last visited Feb. 19, 2016).  The Court may take judicial notice of the contents of an agency's website.  *See e.g., Chasteen v. Black*, 2014 WL 5448702, at *2 n.2 (D. Colo. Oct. 27, 2014) (citing *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005)).

the duplicative nature of these particular Defendants.  (*See* ECF No. 62.)  Where

Plaintiff does not object to the Magistrate Judge's findings, the Court reviews those

findings under a "clearly erroneous" standard of review.  The Court finds no clear error

in the Magistrate Judge's reasoning regarding this recommendation and, thus, adopts it.

The County of El Paso, as well as Defendants Glenn, Lathen, Clark, Hisey, and Littleton

in their respective official capacities, are dismissed as Defendants.

**B.    Plaintiff's Constitutional Claims**

The Magistrate Judge found that Plaintiff failed to state a cognizable

constitutional claim against any Defendant.  (ECF No. 52 at 21, 30, 35.)  On that basis,

the Magistrate Judge recommended that Plaintiff's Third Claim for Relief be dismissed

as to all Defendants.  (*Id*. at 21, 31, 36)  Plaintiff objects to this portion of the

Recommendation, at least as it pertains to the County Defendants.  (ECF No. 62 at 3.)

Specifically, he "[o]bject[s] to the dismissal of the defendants that the Magistrate stated

on page 21 as the court stated in part, that the third claim be dismissed against all

County defendants and any defendant in their official capacity . . . ."  (*Id*.)

Plaintiff asserts several claims under the umbrella of his Third Claim for Relief.

(ECF No. 7 at 14.)  Plaintiff lists equal protection, equal employment opportunity, due

process, and the First, Fifth, and Fourteenth Amendments as the bases of his

constitutional claims.  (*Id*.)  The Court will review each of these claims in turn.

1.    Equal Protection Claim

The Magistrate Judge found that Plaintiff failed to plead facts that could support a

claim under the Equal Protection Clause of the Fourteenth Amendment.  (ECF No. 52 at

14.)  This clause makes unlawful dissimilar treatment for similarly-situated persons

unless there is a rational basis for the difference in treatment.  *See Warrington v. Bd. of Cnty. Comm'rs of Mineral Cnty.*, 4 F. Supp. 3d 1243, 1246 (D. Colo. 2013).  It is not, however, a "generic guard against arbitrary or unlawful governmental action."  *See SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012).

When analyzing an equal protection claim, "[f]irst, we ask whether the challenged state action intentionally discriminates between groups of persons."  *Id*. at 685.  Plaintiff does not explicitly identify any group to which he belongs that was treated differently than any other group.[4]  (*See* ECF No. 7.)  The closest Plaintiff comes to asserting an equal protection claim comes when he alleges that Defendants Maketa, Campbell, and Harvey diverted fire-fighting resources from the main Black Forest fire to protect the home of their co-worker Bob McDonald.  (*Id.* ¶ 114.)  However, even if Plaintiff alleges some difference in treatment between an individual and a group—a co-worker of Defendants versus a group of people who were not co-workers of Defendants—Plaintiff fails to make a showing that he and his fellow group members were "similarly situated" to Bob McDonald.  *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."); *see also Vigil v. Raemisch*, 2014 WL 4417719, at *6 (D. Colo. Sept. 8, 2014) (adopting a magistrate judge's recommendation and dismissing an equal protection claim where a *pro se* plaintiff failed to allege specific facts showing he was similarly

---

[4] In fact, Plaintiff does not specify which of his allegations are intended to support a claim under the Equal Protection Clause.  (*See* ECF No. 7 at 14–16).  The First Amended Complaint does not mention equal protection at all outside of its appearance in the heading for Plaintiff's Third Claim for Relief.  (*See id.*)

situated to those treated differently from him).  Therefore, the Court finds that Plaintiff

fails to state a claim under the equal protection clause as to all Defendants.

       2.    <u>Equal Employment Opportunity Claim</u>

Plaintiff alleges that by refusing to accept his bid for the Black Forest tree cutting

project in the burned area, certain Defendants violated Plaintiff's "Equal Employment

Opportunity."  (ECF No. 7 ¶ 116.)  Nevertheless, the Magistrate Judge found that

Plaintiff failed to plead facts that could support a claim invoking any equal employment

opportunity protections.  (ECF No. 52 at 15.)

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to

discriminate against any individual with respect to his compensation, terms, conditions,

or privileges of employment, because of such individual's race, color, religion, sex, or

national origin."  *42* U.S.C. § 2000e-2(a)(1).  While Plaintiff alleges his rights were

violated, nothing in the First Amended Complaint suggests that Defendants was

discriminated against due to improper consideration of his race, color, religion, sex, or

national origin.  (*See* ECF No. 7.)  Indeed, nothing in the First Amended Complaint even

identifies Plaintiff as a member of a protected class.  (*Id.*)  The Court finds that Plaintiff

fails to assert any facts to demonstrate that he was discriminated against in a manner

that invokes "Equal Employment Opportunity" protections.  Thus, the Court finds that

Plaintiff fails to state a claim under this theory as to all Defendants.

       3.    <u>First Amendment Claim</u>

Plaintiff alleges that Defendants Bracken, Cooper, and McMorran "violated

Plaintiff's First Amendment Right to speak at a public hearing."  (ECF No. 7 ¶ 108.)

Plaintiff contends that these three Defendants "refused to allow anyone to speak, and

physically forced Plaintiff . . . out of the building." (*Id*. at ¶ 107.)  The Magistrate Judge

found that Plaintiff failed to plead facts that could support a claim under the First

Amendment.  (ECF No. 52 at 29.)

The Supreme Court has outlined a three-step framework to be used when

analyzing private speech restrictions on government property.  *Wells v. City & Cnty. of

Denver*, 257 F.3d 1132, 1138 (10th Cir. 2001) (citing *Cornelius v. NAACP Legal Def. &

Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985)).  That framework requires this Court to (1)

determine whether the speech at issue is protected, (2) identify the nature of the forum,

and (3) assess whether justifications for exclusion from the forum satisfy the requisite

standard.  *Id*.

Plaintiff does not state what meeting he was at when his rights were allegedly

violated, what "building" the meeting was in, what date and time the meeting took place,

or what actions each individual defendant took to prevent Plaintiff from speaking.  (*See*

ECF No. 7.)  Nor does Plaintiff specify the message Defendants prevented him from

voicing.  (*See id.*)  As a result, Plaintiff fails to provide a statement of the claim showing

that he is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face.").  Thus, the Court finds that Plaintiff fails to state a claim under the First

Amendment as to all Defendants.

4.    <u>Due Process Claims</u>

Plaintiff specifically invokes the Due Process Clause, by name, in two of his

assertions under his Third Claim for Relief.  First, Plaintiff alleges that Defendant Rick

McMorran, along with other individuals, "called the El Paso County Sheriff and had the Sheriff investigate fifty eight (58) Black Forest fire victims, including Plaintiff, . . . without due process."  (ECF No. 7 ¶ 109.)  Second, Plaintiff alleges that Defendant Shelburne entered Plaintiff's property and then "pulled his service pistol and pointed it at Plaintiff . . . without Due Process [or] Probable cause."  (*Id.* ¶ 121.)  The Magistrate Judge found that Plaintiff failed to state these claims, or any other constitutional claims, under the due process clause.  (*See* ECF No. 52 at 16–20, 28–29.)

The Fourteenth Amendment prohibits any state from depriving a person of life, liberty, or property without due process of law.  U.S. Const. amend. XIV, § 1.  Due process claims can take the form of a procedural or substantive violation; however, to prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property, life, or liberty interest.  *See Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 & n.2 (10th Cir. 2000).  The Court must therefore determine whether Plaintiff has stated a protected interest as to each of his due process claims.

Regarding Plaintiff's due process claim against Defendant McMorran, the Court finds that Plaintiff failed to state a protected property or liberty interest that could have been deprived by the alleged actions of McMorran.  Avoiding an investigation is not a protected property or liberty interest.  *See Popovic v. United States*, 997 F. Supp. 672, 678 (D. Md. 1998) ("To the extent that [plaintiff] is arguing that he had a property or liberty right not to be investigated . . . [his] claim has no foundation in law.  An individual has no constitutional right not to be investigated for suspected violations by agencies authorized to conduct such authorizations."), *aff'd*, 175 F.3d 1015 (4th Cir. 1999).

Therefore, Plaintiff has failed to state a due process claim as to Defendant McMorran's request to have Plaintiff investigated.

Regarding Plaintiff's due process claim against Defendant Shelburne, the Court finds that, rather than a claim under the Due Process Clause, this claim should have been brought under the Fourth Amendment.  In his allegation, Plaintiff writes that the pistol was pointed at him "without . . . probable cause."  (ECF No. 7 ¶ 121.)  This sounds in Fourth Amendment doctrine which protects against unreasonable seizures of persons.  *See* U.S. Const. amend. IV.  The Tenth Circuit has held that "[t]he more general due process considerations of the Fourteenth Amendment are not a fallback to protect interests more specifically addressed by the Fourth Amendment" in the context of pre-trial liberty interests.  *Becker v. Kroll*, 494 F.3d 904, 918–19 (10th Cir. 2007).

As a result, the Court finds that Plaintiff's claim as to Defendant Shelburne should be interpreted under the Fourth Amendment.  However, Plaintiff has not pled this claim as such.  Plaintiff's allegations, in their current form, fail to state a claim for an unreasonable seizure under the Fourth Amendment.  Therefore, this claim is dismissed.

In addition to the two explicit due process claims discussed above, Plaintiff makes several other assertions within his Third Claim for Relief that are not associated with any specific clause of the Constitution.  (*See* ECF No. 7 at 14–16.)  The Magistrate Judge elected to analyze those claims in accordance with due process doctrine.  (ECF No. 52 at 16–17, 29.)  This Court will do the same.

First, Plaintiff asserts that Defendants Mueller and Gorgey falsified documents for use as exhibits in federal court (ECF No. 7 ¶¶ 122–23), and Defendants Mueller, May, and Folson "fabricated four El Paso County Municipal Court filed Court Cases" (*id.*

¶¶ 124–26).  Plaintiff further claims that these fabrications damaged Plaintiff's "good name" and therefore affected his tree service business.  (*Id*. ¶ 127.)  Nevertheless, "stigma or defamatory harm to reputation in itself [is] insufficient to create a liberty interest."  *Brown v. Montoya*, 662 F.3d 1152, 1167 (10th Cir. 2011).  Only stigma plus an alteration in legal status implicates a liberty interest.  *Id.*  Plaintiff does not plead any alteration in legal status as the result of the alleged fabrications.  (*See* ECF No. 7.)  Furthermore, Plaintiff does not explain why the process provided under state and federal rules of civil procedure is insufficient to address these issues.  *See, e.g.*, Fed. R. Civ. P. 60(b); C.R.C.P. 60(b).  Therefore, the Court finds that Plaintiff fails to state a due process claim as to these claims of fabrication.

Plaintiff also alleges that he suffered losses resulting from the County Defendants' refusal to accept Plaintiff's bid for the Black Forest tree cutting project.  (ECF No. 7 ¶¶ 116, 119.)  Plaintiff has failed to state a due process claim as to this issue because a protected property interest is not created when a governmental entity seeks competitive bids on a project.  *S. Disposal, Inc. v. Tex. Waste Mgmt., a Div. of Waste Mgmt. of Tex., Inc.*, 161 F.3d 1259, 1265 (10th Cir. 1998).

Lastly, Plaintiff alleges that Defendants allowed the destruction of his property in the Fire and failed to protect Plaintiff and his property.  (ECF No. 7 ¶ 115.)  The Court finds that Plaintiff has failed to state a protected property interest and, thus, has failed to state a due process claim as to this issue.  *See Shortino v. Wheeler*, 531 F.2d 938 (7th Cir. 1976) (affirming that plaintiff had no constitutionally protected interest in having home and business protected from fire even where municipality undertook to provide fire

13

protection); *see also Westbrook v. City of Jackson, Miss.*, 772 F. Supp. 932, 939–40 (S.D. Miss. 1991) ("[L]aws providing the general public with police or fire protection do not grant *individuals* a property right in that protection." (emphasis in original)).

As to any remaining due process claims, the Court agrees with the Magistrate Judge that Plaintiff has failed to state any claim. Substantive due process protection is accorded to fundamental interests "relating to marriage, family, procreation, and the right to bodily integrity." *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008). None of these interests are implicated by Plaintiff's allegations. Furthermore, Plaintiff has not described the procedure to which he was entitled or how Defendants deprived him of any such process. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990) ("In procedural due process claims, the deprivation by state action of a constitutionally protected interest . . . is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*.").

5. <u>Municipal Liability</u>

To the extent Plaintiff alleges that "Defendants, State, County, and BFPD's custom and policies was [*sic*] the legal proximate cause of damages and losses to the [P]laintiff" (ECF No. 7 ¶ 129), municipalities cannot be held liable under § 1983 for the actions of other under the theory of *respondeat superior*. *Simmons v. Uintah Health Care Special Serv. Dist.*, 506 F.3d 1281, 1284 (10th Cir. 2007). Instead, "[t]o establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct and causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996). Or, the plaintiff may allege the constitutional violations were rendered by the actions of final policymakers, "whose

14

conduct can be no less described as the 'official policy' of a municipality.  *Simmons*, 506 F.3d at 1285.

In his First Amended Complaint, Plaintiff includes a history of various fires suffered by Colorado dating from 1994 to 2013.  (ECF No. 7 at 7.)  But, he identifies no express policy or established practice and does not allege that any of the individual Defendants are policymakers.  (*See* ECF No. 7.)  Thus, Plaintiff fails to state a claim against any Defendants under a theory of municipal liability.

6.   Constitutional Claims Against the State Defendants

The Eleventh Amendment bars suits against a state by its own citizens, and generally immunizes state defendants sued in their official capacities from liability for damages.  *Johns v. Stuart*, 57 F.3d 1544, 1552 (10th Cir. 1995); *see also V-1 Oil Co. V. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1420–21 (10th Cir. 1997).  An exception to this general bar is a suit in which a plaintiff seeks to prospectively enjoin a state official from violating federal law.  *Johns*, 57 F.3d at 1552.  Therefore, Eleventh Amendment immunity bars any claims for damages Plaintiff asserts against the State and Governor Hickenlooper acting in his official capacity.

The Court now turns to Plaintiff's federal and constitutional claims against the State Defendants which are not barred by the Eleventh Amendment.  Claims against Governor Hickenlooper in his individual capacity are not barred by the Eleventh Amendment.  However, Plaintiff does not allege that Governor Hickenlooper personally participated in any constitutional violation or other violation of federal law.  (*See* ECF No. 7 at 14–16.)  Additionally, the Eleventh Amendment does not prevent Plaintiff from seeking prospective injunctive relief to prevent the State Defendants from violating

federal law, including the Constitution. Regardless, the Court finds—as provided
above—that Plaintiff has failed to allege any constitutional or federal claim against any
of the Defendants. The Court dismisses Plaintiff's Third Claim for Relief as to all
Defendants.

## C.      Plaintiff's State Law Claims

Under 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction
over state claims in any case in which it exercises original jurisdiction. However,
§ 1367(c)(3) states that a district court may decline to exercise supplemental jurisdiction
if "the district court has dismissed all claims over which it has original jurisdiction." The
Tenth Circuit has gone further and held that "[w]hen all federal claims have been
dismissed, the court may, and *usually should*, decline to exercise jurisdiction over any
remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011)
(emphasis added).

The Court has dismissed all of Plaintiff's federal and constitutional claims.
Plaintiff has no remaining federal claims; therefore, the Court declines to exercise
jurisdiction over Plaintiff's remaining state claims. Plaintiff's first, second, and fourth
"Claims for Relief" are state claims. (ECF No. 7 at 10–13, 16–19.) Accordingly, the
Court dismisses these three Claims.

## D.      Other Defendants

### 1.      Does 1–100

In his First Amended Complaint, Plaintiff names Does 1–100 as Defendants.
(ECF No. 7 at 1.) However, Plaintiff fails to mention the Does in any other part of his
First Amended Complaint. (*See* ECF No. 7.) He does not mention the Does in any of

16

his allegations, nor does he identify which of his claims apply to the Does.  (*See id.*)

The Magistrate Judge made no recommendation regarding these defendants. (*See* ECF No. 52; ECF No. 57.)  Nevertheless, the Court finds that Plaintiff fails to plead any cognizable claim as to Does 1–100 under either Rule 12(b)(6) or Rule 8.  Plaintiffs' claims against those defendants are dismissed.

2.    James Rebitski

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 120 days after the complaint is filed, the court . . . after notice to the plaintiff . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[5]  As of December 9, 2015, Plaintiff had not served Defendant James Rebitski and more than 120 days had elapsed since the filing of the suit on March 30, 2015.  (*See* ECF No. 1; ECF No. 53 at 2.)  As a result, the Magistrate Judge ordered Plaintiff to show cause why the action should not be dismissed as to Defendant Rebitski on or before December 23, 2015.  (ECF No. 53.)

After receiving this notice, Plaintiff did not provide any cause for the failure of service, nor did he otherwise demonstrate that service had been effected on Defendant Rebitski.  (ECF No. 57 at 3.)  Consequently, the Magistrate Judge, in accordance with D.C.COLO.LCivR 41.1, recommended that the Court dismiss the action as to Defendant Rebitski.  Plaintiff's Objection does not object to this particular recommendation, and

---

[5] Federal Rule of Civil Procedure 4(m) was amended on April 29, 2015, effective December 1, 2015.  The Amendment reduces the presumptive time for serving a defendant from 120 days to 90 days.  This amendment was not effective until after Plaintiff filed his complaint and 120 days passed.  Therefore, the amendment does not apply in analyzing Plaintiff's failure to serve James Rebitski.

Plaintiff still has provided no cause for his failure of service.  (*See* ECF No. 62.)  The Court dismisses Plaintiff's claim against Defendant James Rebitski, without prejudice, for failure to comply with Rule 4(m).

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection to the Recommendations (ECF No. 62) is OVERRULED;

2. The First Recommendation (ECF No. 52) is ADOPTED;

3. The Second Recommendation (ECF No. 57) is ADOPTED;

4. The County Defendants' Motion to Dismiss (ECF No. 31) is GRANTED;

5. The BFPD Defendants' Motion to Dismiss (ECF No. 32) is GRANTED;

6. The State Defendants' Motion to Dismiss (ECF No. 34) is GRANTED;

7. Plaintiff's damages claims against State Defendants in their official capacities are DISMISSED WITH PREJUDICE;

8. Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE;

9. Plaintiff's claims as to Does 1–100 are DISMISSED WITHOUT PREJUDICE; and

10. Plaintiff's claims as to Defendant James Rebitski are DISMISSED WITHOUT PREJUDICE for failure to effect proper service within 120 days as required by Fed. R. Civ. P. 4(m).

Dated this 2nd day of March, 2016.

BY THE COURT:

William J. Martínez
United States District Judge